UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, LLC,<br><br>　　　　　Plaintiff<br><br>　　　v.<br><br>ROBERT MAYNARD,<br><br>　　　　　Defendant | Case No. 2:11-CV-0047JAW |

## STIPULATION OF MATERIAL FACTS

The parties hereby stipulate to the following facts for purposes of their motions for summary judgment:

1.　Defendant Robert Maynard ("Maynard") is a sole proprietor and an individual residing at 131 Rochester Street, Westbrook, Maine.

2.　On June 3, 2009, Maynard rented a Dodge Charger from the Plaintiff (the "Rental"). Maynard executed a rental agreement with Enterprise which contained the terms and conditions of the rental (the "Rental Agreement"). A true and accurate copy of the rental agreement is attached hereto and incorporated herein in its entirety; see Exhibit 1.

3.　Section 8 of the Rental Agreement states as follows:

> 8. <u>Indemnification by Renter.</u> Renter shall defend, indemnify and hold Owner harmless from all losses, liabilities, damages, injuries, claims, demands, costs, attorney fees, and other expenses incurred by Owner in any manner from this rental transaction, or from the use of Vehicle by any person, including claims of, or

1

>liabilities to, third parties.  Renter may present a claim to Renter's insurance carrier for such events or losses; but in any event Renter shall have final responsibility to Owner for all such losses.  This obligation may be limited if Renter purchases optional DW and/or optional SLP.  SEE PARAGRAPHS 16 AND 17 FOR MORE INFORMATION ON OPTIONAL DW AND OPTIONAL SLP.

4. Maynard was aware that he could buy insurance coverage on the rental vehicle but declined to purchase the additional insurance offered by Enterprise. This additional coverage, referred to as supplemental liability protection insurance coverage, is described in Section 8 and certain other sections of the Rental Agreement.

5. Maynard believed his personal insurance would cover the vehicle and that the additional insurance cost too much.  The cost of supplemental liability protection in 2009 was $12.99 per day.

6. Maynard gave the Rental to non-party Scotty Beausejour ("Beausejour") to use for the rental period.  Beausejour fully reimbursed Maynard for the cost of the rental. Maynard did not use the rental vehicle himself at any time during the term of the rental.

7. On June 7, 2009, Beausejour was involved in an accident in which he struck Thomas Webster ("Webster"), causing Webster injury.

8. On May 24, 2010, Webster filed an action in the Maine Superior Court, Cumberland County, titled <u>Webster v. Beausejour</u>, Docket No. CV-10-267 ("Webster Matter"), against Beausejour alleging that Beausejour's negligent operation caused his injuries (the "Webster Complaint").

9. On November 13, 2009, April 1, 2010 and May 25, 2010 Webster made demands for payment to Enterprise.

10. Enterprise assumed the defense of Beausejour on or about June 16, 2010.

11. On April 30 and July 16, 2010 Enterprise notified Maynard of its position that he had an obligation to defend and indemnify Enterprise for any damages relating to Beausejour's use of the Rental. Maynard did not initially respond to these demands.

12. Enterprise notified Maynard of scheduled mediation dates and invited Maynard to participate in the mediation in conformance with Enterprise's position that Maynard had obligations under the indemnity provisions of the Rental Agreement.

13. In response to Enterprise's demands, counsel for Maynard contacted counsel for Enterprise to clarify the basis for the demand for defense and indemnity. Despite the request of Maynard through counsel for copies of any insuring or bonding agreements applicable to this matter, Enterprise did not provide those materials to Maynard or his counsel.

14. Enterprise's counsel informed Maynard's counsel that no separate insurance existed and that Enterprise was defending the Beausejour case pursuant to its obligations under 29-A M.R.S. § 1611.

15. After an exchange of communications between counsel, Maynard's counsel advised counsel for Enterprise by letter of November 2, 2010 that Enterprise was acting as a volunteer in agreeing to defend and indemnify Beausejour based upon his analysis of Ashe v. Enterprise Rent-A-Car, 2003 Me. 147. Maynard's counsel closed by asking that he be "kept advised of the progress of the underlying litigation." No further communication was made by Enterprise to Maynard or his counsel until counsel was asked to accept service when the Complaint in this matter was filed.

16. Pursuant to the Superior Court Scheduling Order in the Webster Matter, Enterprise on behalf of Beausejour engaged in mediation with Webster to attempt to resolve the case.

17. As a result of mediation, on December 16, 2010, Enterprise settled the Webster Matter for a total cash payment of $260,000.

18. In addition to the cash payment to Webster, Enterprise has expended $17,401.67 in attorney's fees defending the action on behalf of Beausejour.

19. Maynard has rented cars from Enterprise on 6 different occasions in the period between June 2007 and June 2009. On each occasion Maynard declined the additional insurance offered by Enterprise. A true and accurate copy of these rental agreements are attached hereto and incorporated herein in their entirety; see Exhibit 2.

20. Maynard rented cars with sufficient frequency that he set up a corporate account with some car rental companies to obtain the corporate rental rate.

21. Maynard estimates that he has rented cars from other car rental agencies over 50 times over the last 8 years. In each instance Maynard declined the collision damage waiver and other insurance.

22. When Maynard rented a car from a rental agency he received a copy of the rental agreement and its terms and conditions.

23. Maynard has rented cars on behalf of Scotty Beausejour on approximately 5 occasions prior to the rental of the Dodge Charger.

24. The Plaintiff, Enterprise Rent-A-Car Company of Boston, LLC, was not a defendant in the underlying action by which Thomas Webster sought recovery from Scotty Beausejour.

25. Enterprise has met the requirements of 29-M.R.S.A. § 1611 through self insurance guaranteed by means of a surety bond. The bond provides it with coverage that meets the requirement of the statute. A true and accurate copy of the bond is attached hereto as Exhibit 3, and incorporated herein in its entirety.

DATED at Portland, Maine this 30th day of August, 2011.

/s/Christian T. Chandler
Christian T. Chandler
CURTIS THAXTER LLC
One Canal Plaza Suite 1000/P.O. Box 7320
Portland, Maine  04112-7320
Tel:  (207) 774-9000
Fax:  (207) 775-0612
Email:  cchandler@curtisthaxter.com

Attorney for plaintiff
Enterprise Rent-A-Car Company
of Boston, LLC

/s/Christopher C. Dinan
Christopher C. Dinan
MONAGHAN LEAHY LLP
95 Exchange Street/P.O. Box 7046
Portland, Maine  04112-7046
Email:  cdinan@monaghanleahy.com

Attorney for defendant
Robert Maynard

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2011, I electronically filed the foregoing document entitled STIPULATION OF MATERIAL FACTS with the Clerk of Court using the CM/ECF system which will send the notification of such filing to the following: Christopher Dinan, Esq. (cdinan@monaghanleahy.com) and that there are no non-registered participants.

Dated:  September 1, 2011                        /s/Christian T. Chandler
                                                           Christian T. Chandler
                                                           CURTIS THAXTER LLC
                                                           One Canal Plaza Suite 1000/P.O. Box 7320
                                                           Portland, Maine  04112-7320
                                                           Tel:  (207) 774-9000
                                                           Fax:  (207) 775-0612
                                                           Email:  cchandler@curtisthaxter.com

                                                           Attorney for plaintiff
                                                           Enterprise Rent-A-Car Company
                                                           of Boston, LLC