# enterprise

OWNER OF VEHICLE: ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, INC.
BRANCH ADDRESS: 160A LARRABEE ROAD, STE 2, WESTBROOK, ME, 040924732  (207) 854-0560

AUDITOR'S COPY
MO 8:00 AM - 6:00 PM   TU 8:00 AM - 6:00 PM
WE 8:00 AM - 6:00 PM   TH 8:00 AM - 6:00 PM
FR 8:00 AM - 6:00 PM   SA 9:00 AM - 12:00 PM
SU CLOSED
REF# SC7ZH6

RENTAL TYPE: BUSINESS  SOURCE#: 10DD659  ID#: 002
RENTAL AGREEMENT NO. D 699394

06/03/2009  2:18 PM
RENTER: MAYNARD ROBERT
ADDRESS: 131 ROCHESTER ST
HOME PHONE: (207) 252-6066
CITY: WESTBROOK  STATE: ME  ZIP: 040924237  OFFICE PHONE: (207) 591-5117
DOB: 08/20/1968  EMPLOYER: EAST COAST BUILDERS
DRIVERS LICENSE NO: XXXXXXB201  STATE: ME  EXPIRES: 08/20/2009

ORIGINAL VEHICLE
COLOR: BLACK  LICENSE NO: 964700
MODEL: CHAR  ECAR#: VXW256

MILEAGE IN: 84820(?)  OUT: 84814
CONDITION AND FUEL LEVEL AGREED TO: X  RENTER

VEHICLE $16.00/HOUR
$48.99/DAY
$249.99/WEEK
$879.99/MONTH

NO CHARGE MILEAGE

PERMISSION GRANTED TO OPERATE VEHICLE ONLY IN THE STATE OF RENTAL AND THE FOLLOWING STATE(S)
ME, NH, MA, CT, VT ONLY****

Hobart INS.
Full coll.
Harleyville
INS.

RENTER ACCEPTS OPTIONAL DAMAGE WAIVER (DW) — Accepts DW
-$15.99/DAY
-$94.99/WEEK
-$349.99/MONTH

RENTER ACCEPTS OPTIONAL PERSONAL ACCIDENT INSURANCE (PAI) — Accepts PAI
$2.00/DAY

RENTER ACCEPTS OPTIONAL SUPPLEMENTAL LIABILITY PROTECTION (SLP) — Accepts SLP
$12.99/DAY

FUEL CHARGE $3.78/GALLON

DATE: 06/03/2009
OWNER REP: [signature] EXP# 69844V

MAINE SALES TAX 10.00%
VLR REC $1.50/DAY

I WILL RETURN CAR BY:
DATE: 06/10/2009  TIME: 2:00 PM
DEPOSIT AMOUNT: $400.00  PAID BY: XXXXXXXXXXXX0280  06/03/2009

ADDITIONAL INFORMATION:
$150 smoking detailing fee
$100 - pet fee

TOTAL CHARGES
DEPOSITS
REFUNDS
AMOUNT DUE
CLOSED BY
PAID BY | CASH | CHECK | CHARGE
RECEIPT OF CASH REFUND | DATE | AMOUNT | RECEIVED BY

No Gasoline Refunds
VLF REC IS THE VEHICLE LICENSE FEE RECOVERY, SEE PAGE 2, PARAGRAPH 3.

OWNER IS AN AFFILIATE OF ENTERPRISE RENT-A-CAR COMPANY, WHICH OWNS ALL RIGHTS TO ENTERPRISE NAMES AND MARKS  © ENTERPRISE RENT-A-CAR COMPANY OF BOSTON, INC., 200(?)

495.96  286.54

**EXHIBIT 1**

10DMEFAL08.qxd   10/13/08   12:34 PM   Page 4



10DMEFAL08 PAGE 2 of 4

## ADDITIONAL TERMS AND CONDITIONS

Renter agrees by Renter's signature on Page 1 that Renter has read, is aware of, accepts full responsibility for and is bound by the terms and conditions contained in this Rental Agreement (Agreement), which consists of Pages 1 through 4, hereof for the Rental Period whether or not subsequent Agreements are executed by Renter or if Owner assigns a new Agreement number during the Rental Period for the purpose of invoicing Renter. Renter expressly acknowledges that Renter and Owner are the only parties to this Agreement, notwithstanding that a reservation for Vehicle may have been arranged by a third party; that a third party may pay for all or part of the rental bill; and/or that a third party may negotiate certain terms of the rental, including but not limited to the type of Vehicle, length of rental, rental rate and/or selection of optional products. For matters arising from this Agreement, Renter authorizes Owner to verify and/or obtain through credit agencies or other sources Renter's personal, credit and/or insurance information. This Agreement is the entire Agreement between Renter and Owner and cannot be altered by another document or oral agreement unless agreed to in writing and signed by Renter and Owner.

1. **Definitions:** For the purposes of this Agreement, the following terms are specifically defined:
   a. "ADDITIONAL AUTHORIZED DRIVER(S)" (AAD(s)) means any individual in addition to Renter who is permitted by Owner to operate Vehicle. This includes individuals identified on Page 1 as ADDITIONAL AUTHORIZED DRIVER(S), and with the permission of Renter includes Renter's spouse who meets the minimum rental age and holds a valid license. Additionally, any driver 21 years of age or older with a valid license and the permission of the Renter has Owner's permission to operate the Vehicle.
   b. "OWNER" means "OWNER OF VEHICLE" shown on the top of Page 1;
   c. "RENTAL PERIOD" means the period between the time Renter takes possession of Vehicle until Vehicle is returned and checked in by Owner;
   d. "RENTER" means the person, or entity identified on Page 1 as "RENTER";
   e. "VEHICLE" means the "ORIGINAL VEHICLE" or any replacement vehicle(s).

2. **Ownership/Vehicle Condition/Warranty Exclusion.** Renter acknowledges that Vehicle is, by ownership, beneficial interest or lease, property of Owner, even if owned, registered or titled to a third party. Renter agrees Renter received Vehicle in good physical and mechanical condition. RENTER IS RENTING VEHICLE "AS IS" AND HAS HAD AN ADEQUATE OPPORTUNITY TO INSPECT VEHICLE AND ITS OPERATION BEFORE LEAVING OWNER'S PREMISES. OWNER EXCLUDES ALL WARRANTIES, BOTH EXPRESS AND IMPLIED, WITH RESPECT TO THE VEHICLE, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. Renter agrees to return Vehicle to Owner on or before return date stated on Page 1 or on Owner's demand and in same condition as received, ordinary wear and tear excepted. Renter agrees not to alter Vehicle. If Renter or AAD(s) determines Vehicle is unsafe, Renter or AAD(s) shall stop operating Vehicle and notify Owner immediately.

3. **Payment by Renter.**
   a. For items designated as either "hour", "day", "week" or "month" on Page 1:
   (1) "hour" is 60 consecutive minutes or any portion thereof beginning at the start time of the rental.
   (2) If "day = 24 hour period", "day" is each consecutive 24 hours beginning at the start time of the rental.
   (3) If "day = calendar day", a day is each consecutive full or partial day of the week.
   (4) "week" is 7 consecutive 24 hour days beginning at the start time of the rental.
   (5) "month" is 30 consecutive 24 hour days beginning at the start time of the rental.
   (6) Unless expressly modified on Page 1, all charges are for a minimum of 1 day.
   b. Renter shall pay Owner on demand as set forth on Page 1:
   (1) The hour, day, week and month charges on Page 1 for the Rental Period. The "hour" charge if shown on Page 1 shall apply to each full or partial hour in excess of a day. The hourly charges shall not exceed the cost of one additional day. If Vehicle is returned during non-business hours or to any place other than the Branch Address on Page 1, all rental charges incurred through the time an employee of Owner checks in Vehicle are Renter's responsibility.
   (2) The mileage charge per mile for all miles exceeding any free miles set forth on Page 1 permitted for the Rental Period.
   (3) The optional equipment, services and/or products charges for those items accepted by Renter.
   (4) The optional Verified Carbon Offsets (CO2 OFFSET) accepted by Renter are an optional environmental service designed to offset the greenhouse gases emitted by Vehicle. Owner remits amounts collected to an independent 3rd party provider. See www.keystogreen.com for more information. The estimated emissions produced by Vehicle are based on the average mileage and fuel economy of vehicles in the rental fleet and are not calculated based on the emissions of a particular vehicle.
   (5) The fuel charge at the rate shown. If based on consumption and Vehicle is returned with less fuel than when rented, the charge shall be for the Owner's estimated difference in fuel level shown on the fuel gauge from the time Vehicle is rented to the time it is returned. Renter shall not receive a refund or credit if Vehicle is returned with more fuel than when Renter received it or if Renter purchased prepaid fuel.
   (6) The drop charge, fees for AAD(s) and/or fees based on Renter or AAD(s) age.
   (7) The taxes.
   (8) The other fees and charges (none of which are taxes) including but not limited to:
   (a) Any airport Consolidated Facility Charge (CFC) which is required to be paid by Owner or collected from Renter in connection with this rental, for the construction, financing, operation and/or maintenance of this consolidated rental car facility; other airport facilities; and/or transportation related facilities;
   (b) The Concession Fee Recovery (CONC REC) which is Owner's charge to recover the concession fee paid by Owner to this airport's owner or operator in connection with this rental; and
   (c) The Vehicle License Fee Recovery (VLF REC) which is Owner's charge to recover Owner's estimated average daily cost per vehicle of the charges imposed by governmental authorities to recover the Owner's estimated cost of the charges imposed by government authority for title fees, inspection fees, local excise tax and agent fees on all vehicles in its rental fleet registered in Maine. The VLF REC is not calculated based on the costs imposed upon a particular vehicle.
   c. Additional Obligations of Renter - Unless prohibited by law Renter shall pay Owner on demand:
   (1) A vehicle recovery fee of $100.00 or $1.00 per mile between return location and original rental office, whichever is greater, if Renter or AAD(s) returns Vehicle to a location other than the original rental office unless a drop charge as specified above has been shown on Page 1.
   (2) For damage to, loss or theft of Vehicle, including all related costs (see paragraph 6), if DW, as described in paragraph 16, does not apply.
   (3) All fines, costs and attorneys' fees for legal violations, parking, tolls, towing and storage incurred by Owner against Vehicle, driver or Owner occurring during the Rental Period, unless caused solely by Owner. Owner may charge an administrative fee.
   (4) A late charge of 1 1/2% per month, not to exceed the maximum allowable by law, on all charges not paid within 30 days after the end of the Rental Period.
   (5) All expenses incurred by Owner in the collection of amounts due Owner under this Agreement or in regaining possession of Vehicle or in enforcing any term or condition of this Agreement, including attorneys' fees, Owner's administrative fees, and any other costs or expenses incurred by Owner.
   IF A CREDIT CARD OR DEBIT CARD HAS BEEN PRESENTED AS A MEANS OF DEPOSIT OR SECURITY, RENTER AUTHORIZES OWNER TO SUBMIT FOR PAYMENT ON SUCH CARD(S) ALL AMOUNTS OWED UNDER THIS AGREEMENT INCLUDING IF ANY THIRD PARTY TO WHOM A BILLING WAS DIRECTED REFUSES TO MAKE PAYMENT. FOR A VEHICLE RENTED WITH A CASH, CHECK OR MONEY ORDER DEPOSIT, ANY EXCESS DEPOSIT WILL BE REFUNDED BY CHECK ISSUED WITHIN 15 BUSINESS DAYS OF THE END OF RENTAL PERIOD. All charges are subject to final audit by Owner.

4. **Limits on Use and Termination of Right to Use.**
   a. Renter agrees to the following limits on use:
   (1) Vehicle shall not be driven by any person other than Renter or AAD(s) without Owner's prior written consent.
   (2) Vehicle shall not be used for transporting persons for hire; as a school bus; or for driver training.
   (3) Vehicle shall not be used for transport of products for hire as a common carrier, a contract carrier or a private carrier of property UNLESS:
   i. Renter obtains bodily injury and property damage liability insurance required of a motor carrier by the state and/or federal government where Vehicle is rented and/or operated; and
   ii. Renter and any AAD(s) hold a valid class license for that purpose and comply with all federal, state or municipal laws, ordinances or regulations.
   (4) Vehicle shall not be used for: any illegal purposes; in any illegal or reckless manner; in a race or speed contest; or to tow or push anything.
   (5) Vehicle shall not be used to carry passengers in excess of the number of seat belts provided by manufacturer or outside of the passenger compartment.
   (6) Renter shall not remove any seats from Vehicle.
   (7) Vehicle shall not be driven by any person impaired by the use of narcotics, alcohol, intoxicants, or drugs, used with or without a prescription.
   (8) Vehicle shall not be loaded in excess of Vehicle's Gross Vehicle Weight Rating (GVWR) which is, weight of Vehicle plus weight of load, as indicated on the driver side door jam, or with an improperly or unevenly divided load as per Vehicle manufacturer's specifications and / or guidelines.
   (9) Vehicle shall not be driven or taken outside the states authorized on Page 1.
   (10) Vehicle shall not be driven on an unpaved road or off-road.
   (11) Vehicle shall not be operated by anyone: who has given a fictitious name, false address, or a false or invalid driver's license; whose driver's license becomes invalid during the Rental Period; who has obtained the keys without permission of Owner; or who misrepresents or withholds facts to/from Owner material to rental, use or operation of Vehicle.
   (12) Renter shall not transfer or assign this Agreement and/or sublease Vehicle.
   (13) Vehicle shall not be used to store or transport explosives, chemicals, corrosives or other hazardous materials or pollutants of any kind or nature.
   b. In the event of any violation of the limits on use or any other provision of this Agreement, Owner automatically, without any further notice to Renter or AAD(s), terminates their right to use Vehicle and Owner retains any other rights and remedies provided by law. Owner has the right to seize Vehicle without legal process or notice to Renter or AAD(s). Renter and AAD(s) hereby waive all claims for damages connected with such seizure, including loss or damage to contents, and shall pay all expenses incurred by Owner in returning Vehicle to the original rental office.
   c. If Renter or AAD(s) continue to operate Vehicle after the right to do so is terminated, Owner has the right to notify police Vehicle has been stolen. Renter and AAD(s) hereby release and discharge Owner from and indemnify, defend and hold Owner harmless against any liability arising from such notice.

5. **Accidents.** Damage to, loss or theft of, Vehicle must be immediately reported in writing to the office where Vehicle was rented, and in no event later than the following business day after the accident. Renter and AAD(s) must immediately deliver to the office where Vehicle was rented every process, pleading or paper relating to any claims, suits or proceedings arising from such accident. In the event of a claim, suit or legal proceeding, Renter and AAD(s) shall cooperate fully with Owner and its representatives. Vehicle may be equipped with an Event Data Recorder or similar device (EDR) for the purpose of recording data about the operation of Vehicle. To the extent permitted by law, Renter consents to Owner or its representatives retrieving and using such data from the EDR.

6. **Damage to, Loss or Theft of, Vehicle and Related Costs.** Renter accepts responsibility for damage to, loss or theft of, Vehicle or any part or any accessory regardless of fault or negligence of Renter or any other person or act of God. Renter shall pay Owner the amount necessary to repair Vehicle. Renter shall not have Vehicle repaired without permission from Owner. If Vehicle is stolen and not recovered or Owner determines Vehicle is salvage, Renter shall pay Owner the fair market value less any sale proceeds. For purposes of this Agreement, fair market value shall be the retail value of Vehicle immediately preceding the loss. Damages for which Renter is also responsible include but are not limited to: loss of use, claim administrative fees, diminishment of value, towing, storage or impound fees, and other costs incurred by Owner to recover Vehicle and to establish damages. If Vehicle is returned during non-business hours or to any place other than Branch Address on Page 1, any damage to, loss or theft of, Vehicle occurring prior to an employee of Owner checking in Vehicle is Renter's responsibility. SEE PARAGRAPH 16 FOR INFORMATION ON OPTIONAL DW.

7. **Responsibility to Third Parties.** Owner complies with applicable motor vehicle financial responsibility laws as a state certified self-insurer, bondholder, or cash depositor. Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law, Owner does not extend any of its motor vehicle financial responsibility or provide insurance coverage to Renter, AAD(s), passengers or third parties through this Agreement. If valid automobile liability insurance or self insurance is available on any basis to Renter, AAD(s) or any other driver and such insurance or self insurance satisfies the applicable state motor vehicle financial responsibility law, then Owner extends none of its motor vehicle financial responsibility. However, if Renter and AAD(s) are in compliance with the terms and conditions of this Agreement and if Owner is obligated to extend its motor vehicle financial responsibility to Renter, AAD(s) or third parties, then Owner's obligation is limited to the applicable state minimum financial responsibility amounts. Unless required by law, Owner's financial responsibility shall not extend to any claim made by a passenger while riding in or on or getting in or out of Vehicle. Owner's financial responsibility shall not extend to liability imposed or assumed by anyone under any worker's compensation act, plan or contract. SEE PARAGRAPH 17 FOR INFORMATION ON OPTIONAL SLP.

8. **Indemnification by Renter.** Renter shall defend, indemnify and hold Owner harmless from all losses, liabilities, damages, injuries, claims, demands, costs, attorney fees, and other expenses incurred by Owner in any manner from this rental transaction, or from the use of Vehicle by any person, including claims of, or liabilities to, third parties. Renter may present a claim to Renter's insurance carrier for such events or losses; but in any event, Renter shall have final responsibility for all such losses. This obligation shall not apply if Renter purchases optional DW and/or optional SLP. SEE PARAGRAPHS 16 AND 17 FOR MORE INFORMATION ON OPTIONAL DW AND OPTIONAL SLP.

9. **Personal Injury Protection and Uninsured/Underinsured Motorist Protection.** Except as required by law, Owner does not provide Personal Injury Protection, No Fault Benefits or Medical Payment Coverage (collectively PIP) or Uninsured/Underinsured Motorist Protection (UM/UIM) through this Agreement. If Owner is required by law to provide PIP and/or UM/UIM, Renter expressly selects such protection in the minimum limits with the maximum deductible and expressly waives and rejects PIP and/or UM/UIM limits in excess of the minimum limits required by law.

10. **Personal Property.** Owner is not responsible for any damage to, loss or theft of any personal property, whether the damage or theft occurs during or after termination of the rental regardless of fault or negligence. Renter acknowledges and agrees that no bailment is or shall be created upon Owner, whether actual, constructive or otherwise, for any personal property carried in or left in Vehicle or on owner's premises.

Owner is an affiliate of Enterprise Rent-A-Car Company, which owns all rights to Enterprise names and marks.

© Enterprise Rent-A-Car Company of Boston, Inc., 2008

10DMEFAL08.qxd  10/13/08  12:34 PM  Page 5

10DMEFAL08 PAGE 3 of 4

## ADDITIONAL TERMS AND CONDITIONS

**11. Use in Mexico.** Vehicle shall not be taken into Mexico without Owner's prior written consent. Even with Owner's prior written consent, DW, PAI and SLP do not apply to accidents or events that occur in Mexico. Renter must maintain or purchase insurance which shall apply in Mexico, as specified and approved by Owner, prior to taking Vehicle into Mexico.

**12. Third Party Proceeds.** If a third party, including, without limitation, an insurance company, authorizes payment of any amount owed by Renter under this Agreement, Renter hereby assigns to Owner Renter's right to receive such payment. Only those amounts actually paid by a third party to Owner shall reduce the amount owed by Renter under this Agreement, provided however, certain third parties may have agreed to pay Owner a flat fee for this rental in lieu of Owner's "day" charges or the per diem benefits under the applicable insurance policy. In such event the flat fee might exceed or be less than the normal "day" charges as calculated under this Agreement or the per diem benefits. Regardless of the amounts paid under such flat fee agreement, third party payments shall not be applied to: vehicle upgrades or optional products (beyond those provided by the third party), or, rental days beyond those specified by the third party. Renter remains responsible for all charges not paid by the third parties, such as charges for vehicle upgrades, optional products, extra rental days, and all other charges.

**13. Power of Attorney.** Renter hereby grants and appoints to Owner a Limited Power of Attorney:
a. To present insurance claims of any type to Renter's insurance carrier and/or credit card company if:
  i. Vehicle is damaged, lost or stolen during the Rental Period and if Renter fails to pay for any damages; or
  ii. Any liability claims against Owner arise in connection with this rental transaction and Renter fails to defend, indemnify and hold Owner harmless from such claims;
b. To endorse Renter's name to entitle Owner to receive insurance, credit card and/or debit card payments directly for any such claims, damages, liabilities or rental charges.

**14. Severability.** If any provision of this Agreement is determined to be unlawful, contrary to public policy, void or unenforceable, all remaining provisions shall continue in full force and effect.

**15. Limitation of Remedy/No Consequential Damages.** If Owner breaches any of its obligations under this Agreement and/or if Vehicle has any mechanical failure or other failure not caused by Renter or AAD(s) and if Owner is liable under applicable law for such breach or Vehicle failure, Owner's sole liability to Renter and AAD(s) and Renter's and AAD(s)' sole remedy is limited to the substitution of another similar Vehicle by Owner to Renter and to recovery by Renter of the pro rata daily rental rate for the period in which Renter and AAD(s) did not have use of Vehicle or substitute Vehicle. RENTER AND AAD(S) WAIVE ALL CLAIMS FOR CONSEQUENTIAL, PUNITIVE, AND INCIDENTAL DAMAGES THAT MIGHT OTHERWISE BE AVAILABLE TO RENTER OR AAD(S). SUCH DAMAGES ARE EXCLUDED AND NOT AVAILABLE TO RENTER OR AAD(S).

**16. Optional Damage Waiver.**
DAMAGE WAIVER IS NOT INSURANCE. THE PURCHASE OF DAMAGE WAIVER IS OPTIONAL AND NOT REQUIRED IN ORDER TO RENT A VEHICLE.
Renter may purchase Damage Waiver (DW) from Owner for an additional fee. If Renter purchases DW, Owner agrees, subject to the actions that invalidate DW listed below, to contractually waive Renter's damage responsibility for all of the cost of damage to, loss or theft of, Vehicle or any part or accessory and related costs regardless of fault or negligence. DW does not apply to damage occurring in Mexico. When deciding whether or not to purchase DW, you may wish to check with your insurance representative or credit card company to determine whether, in the event of damage to, or theft of, Vehicle, you have coverage or protection for such damage or theft and the amount of your deductible or out-of-pocket risk.
THE FOLLOWING SHALL INVALIDATE DW:
a. If Vehicle is damaged when used or driven:
  (1) by any person other than Renter or AAD(s) without Owner's prior written consent;
  (2) by any person if there is reasonable evidence the driver was impaired by the use of alcohol, narcotics, intoxicants, alcohol, or drugs, used with or without a prescription;
  (3) by any person committing a felony or otherwise engaged in a criminal act;
  (4) in a race or speed contest;
  (5) to tow or push anything;
  (6) outside the states authorized on Page 1;
  (7) under authority of any license that is suspended, revoked, invalid or does not belong to the driver;
  (8) to transport persons or property for hire;
  (9) in a wanton or reckless manner or if Vehicle is deliberately damaged;
  (10) on an unpaved road or off road;
  (11) to transport explosives, chemicals, corrosives or other hazardous materials or pollutants of any kind; or
b. if Renter misrepresents facts to Owner pertaining to rental, use, or operation of Vehicle; or
c. if Vehicle's interior components are stolen or damaged when Vehicle is unlocked or keys are not secured; or
d. if Renter fails or refuses to provide Owner, police, or other authorities with a full report of any accident or vandalism involving Vehicle or otherwise fails to cooperate with Owner, police, or other authorities in the investigation of any accident or vandalism.
e. if Vehicle is stolen and Renter fails to do any of the following:
  (1) return the original ignition key and Owner's key tag identifying Vehicle;
  (2) file a police report within 24 hours after discovering the theft;
  (3) cooperate fully with Owner, police and other authorities in all matters connected with the investigation of the theft.

**17. Optional Supplemental Liability Protection**
THE PURCHASE OF SUPPLEMENTAL LIABILITY PROTECTION IS OPTIONAL AND NOT REQUIRED IN ORDER TO RENT A VEHICLE.
THIS IS A SUMMARY ONLY AND IS SUBJECT TO ALL PROVISIONS, LIMITATIONS, EXCEPTIONS AND EXCLUSIONS OF THE SLP POLICY. UPON REQUEST, A COPY OF THE POLICY IS AVAILABLE FOR REVIEW. SLP MAY PROVIDE A DUPLICATION OF COVERAGE ALREADY FURNISHED UNDER A PERSONAL INSURANCE POLICY, OR SOME OTHER SOURCE. OWNER'S EMPLOYEES, AGENTS OR ENDORSEES ARE NOT QUALIFIED TO EVALUATE THE ADEQUACY OF RENTER'S EXISTING COVERAGE.

**SLP Benefits:**
Optional Supplemental Liability Protection (SLP) provides Renter with minimum financial responsibility limits as outlined in the applicable motor vehicle financial responsibility laws of the state where Vehicle is operated AND excess insurance provided by the insurance policy, which supplies Renter and AAD(s) with third-party liability protection with a combined single limit per accident equal to the difference between the minimum financial responsibility limits referenced above and $1,000,000 Combined Single Limit per accident. SLP will respond to third party accident claims that result from bodily injury, including death, and property damage that arise from the use or operation of Vehicle as permitted in this Agreement. The policy does not provide coverage for any loss arising from the use or operation of Vehicle in Mexico. SLP is available for an additional charge as stipulated on Page 1.

**SLP Exclusions:**
For all exclusions, see the SLP policy. Here are a few key exclusions:
(a) Loss arising out of an accident which occurs while Renter or AAD(s) is under the influence of alcohol or drugs, or other substances unless prescribed by a physician; (b) Loss arising out of bodily injury or property damage sustained by Renter or AAD(s) or any relative or family member of Renter or AAD(s) who resides in the same household; (c) Loss arising out of the operation of Vehicle by any driver who is not Renter or AAD(s); (d) Liability arising out of or benefits payable under any uninsured or underinsured motorist law, in any state; (e) Liability arising out of or benefits payable under any first party benefit law, medical payments, no-fault or any similar law to the foregoing, in any state; (f) Bodily injury to an employee or the spouse, child, parent, brother or sister of that employee, arising out of and in the course of employment by Renter or AAD(s); (g) Property damage to property transported or in the care, custody or control of Renter or AAD(s); (h) Damage to Vehicle; (i) Liability arising out of the use of Vehicle, which was obtained based on false, misleading or fraudulent information; (j) Loss arising out of the use of Vehicle when such use is otherwise in violation of the terms and conditions of the Rental Agreement.

Report SLP Claims to:
Cambridge Integrated Services Group, Inc.
P.O. Box 94950
Cleveland, OH 44101-4950
Phone: 1-888-515-3132 Fax: 1-440-914-2903

**18. Optional Personal Accident Insurance**
PURCHASE OF PERSONAL ACCIDENT INSURANCE (PAI) IS OPTIONAL AND NOT REQUIRED TO RENT A VEHICLE.
THIS IS A SUMMARY ONLY AND IS SUBJECT TO ALL PROVISIONS, LIMITATIONS AND EXCEPTIONS OF THE PAI POLICY. UPON REQUEST, A COPY OF THE POLICY IS AVAILABLE FOR REVIEW. PAI MAY PROVIDE A DUPLICATION OF COVERAGE ALREADY FURNISHED BY A PERSONAL INSURANCE POLICY, COMPREHENSIVE HOMEOWNER'S OR TENANT'S POLICY OR SOME OTHER SOURCE. BENEFITS AVAILABLE UNDER THE PAI, HOWEVER, WILL BE PAID IN ADDITION TO THOSE RECEIVED FROM ANY OTHER SOURCE. EMPLOYEES, AGENTS OR ENDORSEES OF VEHICLE OWNER (AS DEFINED IN THE RENTAL AGREEMENT) ARE NOT QUALIFIED TO EVALUATE THE ADEQUACY OF RENTER'S INSURANCE.

PAI provides Renter and Renter's passengers with Accidental Death, Accident Medical Expenses and Ambulance Expense benefits. PAI is available for an additional charge as stipulated on page 1 of the Rental Agreement. "Renter" is the person who signs the Rental Agreement as Renter.

**PAI Benefits:**

| | Renter | Passenger |
|---|---|---|
| Accidental Death, Not to exceed | $100,000 | $10,000 |
| Accident Medical Expenses, Not to exceed | $2,225 | $2,225 |
| Accident Ambulance Expense, Not to exceed | $100 | $150 |

Accident Aggregate, not to exceed $125,000 per accident.

The above PAI benefits for Renter apply to accidents during the Rental Period whether or not Renter is in Vehicle. Passengers are covered only for accidents occurring while they occupy Vehicle. Anyone other than Renter occupying or operating Vehicle shall be considered a "Passenger" for the purposes of PAI benefits.

**PAI Exclusions:**
PAI shall not cover any death or injury caused wholly or partly, directly or indirectly by suicide, attempted suicide, or self-inflicted injury; aircraft travel, except as a passenger in a licensed aircraft on a regularly scheduled flight; committing or attempting to commit a criminal offense; an accident which occurs while under the influence of alcohol or narcotics, unless prescribed by a physician; an accident which occurs while participating in a prearranged or organized race or testing of a vehicle; war or any act of war; engagement in an illegal occupation; nor shall this insurance be in effect if Renter converts Vehicle or during any period Renter is in violation of the Rental Agreement. Renter shall be deemed to have converted Vehicle whenever Vehicle is not returned to the Owner by the return date or by the extended return date.

To file PAI claims, obtain a claim form from any rental office of Owner, complete it and return it with a copy of the rental Agreement to:

Cambridge Integrated Services Group, Inc.
P.O. Box 94950
Cleveland, OH 44101-4950
Phone: 1-888-515-3132 Fax: 1-440-914-2903

**19. Telematics Notice and Release.** Vehicle may be equipped with OnStar or another telematics system. Renter acknowledges that such systems utilize cellular telephone and/or radio signals to transmit data and communication and, therefore, privacy cannot be guaranteed. Renter authorizes use or disclosure of or access to call location information concerning Renter or other user of the service, automatic crash notification to any person for use in the operation of an automatic crash notification system and use of the vehicle location system. Renter releases Owner, operator of the telematics system, wireless carrier(s) and other suppliers of components or services and their respective employees, officers, directors and agents from any damage (including incidental and/or consequential damages) to persons (including without limitation Renter) or property caused by failure of the telematics system to operate properly. Third party service providers are not agents, employees, or contractors of Owner. For limitations concerning warranty, privacy and performance of the telematics system in Vehicle, contact the telematics provider.

**20. Headings.** The headings of the numbered paragraphs of this Agreement are for convenience only, are not part of this Agreement and do not in any way limit, modify or amplify the terms and conditions of this Agreement.

**21. Release of Information to Third Parties.** Renter agrees Owner may, and Renter expressly authorizes Owner, to provide information in Owner's possession about Renter and AAD(s), including but not limited to such driver's name, address and driver's license information to: applicable authorities, where solicited; and/or applicable authorities or other third parties, in connection with Owner's enforcement of its rights under this Agreement.

**22. Choice of Law.** All terms and conditions of this Agreement shall be interpreted, construed and enforced pursuant to the law of the State where this Agreement is executed by Renter without giving effect to the conflict of laws provisions of such State.

Owner is an affiliate of Enterprise Rent-A-Car Company, which owns all rights to Enterprise names and marks.

© Enterprise Rent-A-Car Company of Boston, Inc., 2008